FILED
2010 Sep-17  AM 11:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

FILED

2010 SEP 15  P 3: 30

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| WILLIAM POSEY and<br>DEBRA POSEY,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NA,<br>WASHINGTON MUTUAL BANK,<br>LENDER PROCESSING SERVICE,<br>INC., LPS FORECLOSURE<br>SOLUTIONS, INC.,<br><br>Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

COME NOW defendants Bank of America, N.A. ("Bank of America") and

JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of

Washington Mutual Bank from the Federal Deposit Insurance Corporation (FDIC)

acting as receiver (hereinafter, "Chase"[1]) (Bank of America and Chase are

collectively referred to hereinafter as "these Defendants"), and pursuant to 28

U.S.C. § 1332, 1441 and 1446, as amended, hereby give notice of the removal of

that civil action styled Posey v. Bank of America, NA, et al., CV 2010-902902,

filed in the Circuit Court of Jefferson County, Alabama, to the United States

---

[1]    Appearing for the defendant named in the Complaint as "Washington Mutual Bank".

District Court for the Northern District of Alabama, Southern Division. As grounds for the removal, Defendants state the following:

## I.   GROUNDS FOR AND TIMELINESS OF REMOVAL:

1.     This action is a civil action within the meaning of the Acts of Congress relating to removal of cases.

2.     On August 11, 2010, plaintiffs William Posey and Debra Posey filed suit in the action styled William Posey and Debra Posey v. Bank of America, NA, et al., CV 2010-902902, in the Circuit Court of Jefferson County, Alabama (hereinafter, the "State Court Action").

3.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon the Defendants in the State Court Action are attached hereto as Exhibit A, and are made a part hereof as if fully set forth herein. True and correct copies of documents maintained by the Clerk of Court reflecting service on all defendants in the State Court Action are attached hereto as Exhibit B and made a part hereof as if fully set forth herein. A true and correct copy of the AlaCourt.com summary file on the State Court Action, as of today's date, is also attached hereto as Exhibit C and made a part hereof as if fully set forth herein. As set forth in the attached exhibits, the Clerk of Court's file on the State Court action has been filed with this Notice of Removal.

4.    Defendant Bank of America was served with the Summons and Complaint on August 17, 2010.

5.    Defendant Chase, as the acquirer of certain assets of Washington Mutual Bank, was served with the Summons and Complaint on August 16, 2010.

6.    Defendant Lender Processing Services, Inc. ("LPS") incorrectly identified as ("Lender Processing Service, Inc.") was served with the Summons and Complaint on August 19, 2010.  LPS consents to and joins in the removal of this action.  (See Exhibit D, attached hereto and made a part hereof as if fully set forth herein.)

7.    Defendant LPS Foreclosure Solutions, Inc. ("LPS Foreclosure Solutions") was served with the Summons and Complaint on August 16, 2010. LPS Foreclosure Solutions consents to and joins in the removal of this action. (See Exhibit E, attached hereto and made a part hereof as if fully set forth herein.)

8.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within thirty (30) days after service on the last-served defendant of the Summons and Complaint (August 19, 2010).  The time within which Defendants were required to file this Notice of Removal in order to remove this action to this Court has not yet expired.

9.    Jurisdiction and removal of this action is based upon 28 U.S.C. §§ 1332, 1441, and 1446, as amended.  This action is removable pursuant to 28 U.S.C.

{B0286550.1}

§ 1441, which authorizes the removal of any civil action brought in a state court in which the United States District Court for the district encompassing the state court has original jurisdiction. Moreover, this Court has original jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332(a)(1), and pursuant to 28 U.S.C. §§ 1441 (a) and (b), because diversity of citizenship exists between the plaintiffs and the defendants, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## II.   DIVERSITY OF CITIZENSHIP:

10.   As set forth below, diversity of citizenship exists between the parties:

a.   According to the allegations of the Complaint, plaintiffs William and Deborah Posey are and have been citizens of the State of Alabama at all times material to this action. (Complaint at ¶ 8).

b.   Bank of America is a Delaware corporation with its principal place of business in North Carolina. In the Complaint, the plaintiffs concede that Bank of America is a foreign corporation. (Complaint at ¶ 9). Pursuant to 28 U.S.C. § 1332(c)(1), Bank of America is considered a citizen of the States of Delaware and North Carolina for purposes of removal.

c.   Chase is a Delaware corporation with its principal place of business in New York, New York. In the Complaint, the plaintiffs concede that Washington Mutual is a foreign corporation. (Complaint at ¶ 10). Pursuant to 28

{B0286550.1}                              - 4 -

U.S.C. § 1332(c)(1), Chase is a citizen of the State of New York for purposes of removal.

  d. LPS, is a Florida corporation with its principal place of business in Florida. In the Complaint, the plaintiffs concede that LPS is a foreign corporation. (Complaint at ¶ 11). Pursuant to 28 U.S.C. § 1332(c)(1), LPS is a citizen of the State of Florida for purposes of removal.

  e. LPS Foreclosure Solutions is a Florida corporation with its principal place of business in Florida. Pursuant to 28 U.S.C. § 1332(c)(1), LPS Foreclosure Solutions is a citizen of the State of Florida for purposes of removal.

  11. No defendant is a citizen of the State of Alabama. And, as the foregoing demonstrates, complete diversity of citizenship exists among the parties.

## III. <u>AMOUNT IN CONTROVERSY</u>:

  12. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

  13. The legal claims in this action arise out of the August of 2008 foreclosure of the plaintiffs' real property. (<u>See generally</u> Complaint, and specifically ¶ 1). The plaintiffs assert the specific legal claims of wrongful foreclosure, conversion (of the real property), fraud/suppression, and civil conspiracy. (<u>See generally</u> Complaint). Among other claimed damages, the plaintiffs specifically claim that they "have sustained the loss of right, title and

ownership interest in the real property made the basis of this suit." (See e.g., Complaint at § 31). Plaintiffs also have specifically requested that the Court exercise its equitable powers to set the foreclosure aside. (Id. at ¶ 3). While the plaintiffs have sought only an unspecified amount of compensatory and punitive damages, it is clear that the amount in controversy far exceeds $75,000, exclusive of interest and costs.

14.    When a plaintiff makes a demand for an unspecified amount of damages, a defendant may remove the action by showing by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement. Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).[2] As the Eleventh Circuit recently explained in Pretka v. Kohler City Plaza II, Inc., 608 F.3d 744 (11th Cir. June 8, 2010), "A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it," and, "The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." Id. at 754 (citations omitted). And, the Court clarified, "The substantive jurisdictional requirements of removal do not limit the types of

---

[2]    Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356–57 (11th Cir. 1996) ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [applicable] jurisdictional requirement." (emphasis added)), *overruled on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000).

evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation-provided of course that removal is procedurally proper." Id. at 755 (citations omitted). Here, the evidence presented by the plaintiffs with their Complaint, as well as other public records, demonstrate the sum or value of the amount in controversy exceeds $75,000.

15.    First, the plaintiffs concede in their Complaint that they executed a Note and Mortgage on their real property at issue in this action on April 16, 2003, in the original amount of $528,550.00. And, the plaintiffs attached copies of the Note and Mortgage to their Complaint as Exhibit A. The Note and Mortgage by themselves establish that the fair market value of the plaintiffs' real property interest at issue in this action far exceeds the minimum jurisdictional amount.

Second, the Tax Assessor's Office for Jefferson County, Alabama has currently valued the property in the total amount of $696,000.00. (A true and accurate copy of a print-out, dated September 13, 2010, from the Tax Assessor's website reflecting the foregoing information is attached hereto as Exhibit F and incorporated herein by reference.)

Third, the property was sold at the August 12, 2008 foreclosure sale to third-party Renasant Bank for the purchase price of $518,410.00. The price paid at the foreclosure sale also establishes that the fair market value of the property is

well in excess of $75,000. (A true and accurate copy of a certified Foreclosure Deed, which was recorded at Book LR200809, Page 13982 in the Office of the Probate Court of Jefferson County, Alabama is attached hereto as Exhibit G and incorporated herein by reference.)

Finally, on April 10, 2008, each of the plaintiffs filed Chapter 7 bankruptcy proceedings in the United States District Court for the Northern District of Alabama (Case Nos. 08-01724 and 08-01725). And, in their respective bankruptcy petitions, each of the plaintiffs represented, under penalty of perjury, that the value of the property was $775,000, and that at that time they owed $490,068 on their mortgage loan made the subject of their Complaint. (See relevant pages of the plaintiffs' Voluntary Petitions for Bankruptcy, attached hereto as Exhibits H and I and incorporated herein by reference).

16.    As the Middle District of Alabama explained in Mapp v. Deutsche Bank Nat'l Trust Co., 2009 WL 3664118, at *4 (M.D. Ala. Oct. 28, 2009) (Judge Watkins), it is the fair market value of the specific property at issue which determines whether the amount in controversy has been met in an action involving a foreclosure. Id. at ** 2-3. Here, like in Mapp, the plaintiffs' note and mortgage-- which they have filed in Court--"are contracts that establish the fair market value of [the plaintiffs'] property interest, which undisputedly exceeds the jurisdictional

{B0286550.1}

amount." 2009 WL 3664118 at * 4. (A copy of Mapp is attached hereto as Exhibit J.)

By alleging that the foreclosure of the property was wrongful and requesting that it be set aside and claiming damages for, among other things, loss of the value of the property, the plaintiffs have unquestionably plead the entire amount of the debt and fair market value of the property into issue as the amount in controversy. And, as the foregoing documents and other evidence demonstrate, the value of the foreclosed property exceeds the jurisdictional limit of $75,000 by several hundred thousand dollars. See Id.; Frontera Transp. Co. v. Abauza, 271 F. 199, 201 (5th Cir. 1921) (holding, in a suit to cancel a mortgage and remove the mortgage as a cloud on title, that "the value of the lands, not the amount required to redeem, is the amount in controversy").[3]  See also Phillips, et al. v. Mortgage Electronic Registration Systems, et al., CV-09-2507-TMP, Northern District of Alabama, April 15, 2010 Order Denying Remand (adopting the reasoning of Mápp) (Magistrate Judge Putnam). (A copy of this Order is attached hereto as Exhibit K.) Consequently, Defendants have demonstrated, by a preponderance of the evidence, that the amount in controversy in this action exceeds the

---

[3]     In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the old Fifth Circuit Court of Appeals rendered before October 1, 1981.

jurisdictional requirement necessary for removal.[4]  See Lowery, 483 F.3d at 1215 n.66.

17.    Because the parties to this action are completely diverse in citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has jurisdiction over this action by virtue of 28 U.S.C. § 1332, 1441 and 1446, as amended.

18.    The undersigned counsel for these Defendants certify that they provided the plaintiffs, by and through their counsel of record, with written/electronic notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d) on this date.  Further, counsel for these Defendants certify that a copy of this Notice is being filed with the Circuit Court of Jefferson County, Alabama on this date in accordance with 28 USC § 1446(d).

19.    If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument further supporting their position that this action is removable.

WHEREFORE, the foregoing considered, Defendants request that this Court will take recognizance and jurisdiction of this action and make any and all orders

---

[4]    This conclusion is the same regardless of whether the amount of the plaintiffs' claims are aggregated together or viewed separately, given the large size of the debt and value of the property.

necessary to effect the removal of this action from the Circuit Court of Jefferson County, Alabama, to this Honorable Court.

Respectfully submitted, this the /5ᵗʰ day of September, 2010.

> Attorneys for Defendants,
> Bank of America, N.A. and
> JPMorgan Chase Bank, N.A.,
> as acquirer of certain assets and liabilities of
> Washington Mutual Bank from the Federal
> Deposit Insurance Corporation (FDIC)
> acting as receiver:
>
> **MICHAEL E. TURNER**
> CABANISS, JOHNSTON, GARDNER,
>   DUMAS & O'NEAL LLP
> 2001 Park Place North, Suite 700
> Birmingham, Alabama  35203
> Telephone:  (205) 716-5200
> Facsimile:  (205) 716-5389
> E-Mail:      met@cabaniss.com
>
> **SANDY G. ROBINSON**
> CABANISS, JOHNSTON, GARDNER,
>   DUMAS & O'NEAL LLP
> Post Office Box 2906
> Mobile, Alabama  36652
> Telephone:  (251) 415-7300
> Facsimile:  (251) 415-7350
> E-Mail:      sgr@cabaniss.com

{B0286550.1}                              - 11 -

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the above and foregoing **NOTICE OF REMOVAL** by placing a true and accurate copy of the same in regular United States mail, properly addressed and postage prepaid, as follows:

> James R. Morgan, Esq.
> James R. Morgan, P.C.
> 1605 Twenty-First Street South
> Birmingham, Alabama 35205
>
> Eris Bryan Paul, Esq.
> HUIE, FERNAMBUCQ & STEWART, LLP
> Three Protective Center
> 2801 Protective Center, Ste. 200
> Birmingham, Alabama 35223-2484

This the 15th day of September, 2010.

_____
OF COUNSEL