FILED
2010 Sep-17  PM 01:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-201<br>Date of Filing:<br>08/11/2010 | ELECTRONICALLY FILED<br>8/11/2010 7:37 PM<br>CV-2010-902902.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |
| --- | --- | --- | --- |

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### WILLIAM POSEY ET AL v. BANK OF AMERICA NA ET AL

**First Plaintiff:** ☐ Business   ☑ Individual        **First Defendant:** ☑ Business   ☐ Individual
☐ Government   ☐ Other                            ☐ Government   ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☑ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING       A ☐ APPEAL FROM DISTRICT COURT       O ☐ OTHER

R ☐ REMANDED       T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT    _____

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes   ☐ No

**RELIEF REQUESTED:**       ☐ MONETARY AWARD REQUESTED   ☑ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   MOR056        8/11/2010 7:33:38 PM        /s JAMES RICHARD MORGAN

**MEDIATION REQUESTED:**        ☐ Yes   ☐ No   ☑ Undecided

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2010-902902.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**WILLIAM POSEY ET AL v. BANK OF AMERICA NA ET AL**

**NOTICE TO** BANK OF AMERICA NA, C/O THE CORPORATION CO 2000 INTERSTATE PK DR 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JAMES RICHARD MORGAN

WHOSE ADDRESS IS 1605 21ST ST S, BIRMINGHAM, AL 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   WILLIAM POSEY
  pursuant to the Alabama Rules of the Civil Procedure

| 8/11/2010 7:37:53 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s JAMES RICHARD MORGAN
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                _____
Date                                    Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2010-902902.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**WILLIAM POSEY ET AL v. BANK OF AMERICA NA ET AL**

**NOTICE TO**   WASHINGTON MUTUAL BANK, PO BOX 100590, FLORENCE, SC 29501

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JAMES RICHARD MORGAN

WHOSE ADDRESS IS 1605 21ST ST S, BIRMINGHAM, AL 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   WILLIAM POSEY
   pursuant to the Alabama Rules of the Civil Procedure

| 8/11/2010 7:37:53 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s JAMES RICHARD MORGAN

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date       Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2010-902902.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**WILLIAM POSEY ET AL v. BANK OF AMERICA NA ET AL**

**NOTICE TO** LENDER PROCESSING SERVICE, INC., C/O SHERYL NEWMAN, SR VP 601 RIVERSIDE AVE, JACKSONVILLE, FL 32204

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JAMES RICHARD MORGAN

WHOSE ADDRESS IS 1605 21ST ST S, BIRMINGHAM, AL 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    WILLIAM POSEY
pursuant to the Alabama Rules of the Civil Procedure

| 8/11/2010 7:37:53 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JAMES RICHARD MORGAN

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date                    Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2010-902902.00 |
| --- | --- | --- |

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### WILLIAM POSEY ET AL v. BANK OF AMERICA NA ET AL

**NOTICE TO**  LPS FORECLOSURE SOLUTIONS INC, C/O LARRY DINGMANN, SR VP 1270 NORTHLAND DR STE 200, MENDOTA HEIGHTS, MN 55120

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JAMES RICHARD MORGAN

WHOSE ADDRESS IS 1605 21ST ST S, BIRMINGHAM, AL 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   WILLIAM POSEY
   pursuant to the Alabama Rules of the Civil Procedure

| 8/11/2010 7:37:53 PM | /s ANNE-MARIE ADAMS | |
| --- | --- | --- |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s JAMES RICHARD MORGAN

                                          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date                            Server's Signature



ELECTRONICALLY FILED
8/11/2010 7:37 PM
CV-2010-902902.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIAM POSEY AND DEBRA POSEY, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO.: |
| | ) | |
| BANK OF AMERICAN, NA, | ) | CV: |
| WASHINGTON MUTUAL BANK, | ) | |
| LENDER PROCESSING SERVICE, INC., | ) | |
| LPS FORECLOSURE SOLUTIONS, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

There may be other entities whose true identities are unknown to the Plaintiffs at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiffs when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiffs will designate these parties in accordance with ARCP 9(h). The word "entity" as used to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these party defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity." In the present action, the party defendants that the Plaintiffs must include by descriptive characterization are as follows:

Fictitious DEFENDANT A, whether singular or plural, the true and correct designation of the person, firm or entity known as and/or doing business as BANK OF AMERICAN NA, its corporate parent, sister corporation, corporate subsidiaries, corporate divisions, affiliates, heirs, successors or assigns; Fictitious DEFENDANT B, whether singular or plural, the true and correct designation of the person, firm or entity known as or doing business as WASHINGTON MUTUAL BANK, its corporate parent, sister corporation, corporate subsidiaries, corporate divisions, affiliates, heirs, successors or assigns; Fictitious DEFENDANT C, whether singular or plural, the true and correct designation of the person, firm or entity known as or doing business as LENDER PROCESSING SERVICE, INC., its corporate parent, sister corporation, corporate subsidiaries, corporate divisions, affiliates, heirs, successors or assigns; Fictitious DEFENDANT D, whether singular or plural, the true and correct designation of the person, firm or entity known as or doing business as LPS FORECLOSURE SOLUTIONS, INC., its corporate parent, sister corporation, corporate subsidiaries, corporate divisions, affiliates, heirs, successors or assigns; Fictitious DEFENDANT E, whether singular or plural, the true and correct designation of the person, firm or entity which caused or

contributed to circumstances that brought about the wrongful foreclosure of Plaintiffs' real property; Fictitious DEFENDANT F, whether singular or plural, the true and correct designation of the person, firm or entity which acted for, with and/or on behalf of the named defendants or fictitious defendants, including their corporate directors, officers, employees, agents, affiliates, co-conspirators, and/or attorneys, to misrepresent or suppress material facts and/or material qualifying facts upon which Plaintiffs relied to their detriment; Fictitious DEFENDANT G, whether singular or plural, the true and correct designation of the person, firm or entity that joined, conspired with, or acted in complicity with the named or fictitious defendants, and/or otherwise became unjustly enriched as a result of the wrongful conduct described herein; Fictitious DEFENDANT H, whether singular or plural, the true and correct designation of the person, firm or entity which published false information to the public which placed the Plaintiffs in a false light, or otherwise invaded Plaintiffs' privacy by conveying false information to third parties and/or wrongfully revealing to third parties Plaintiffs' personal financial information; and Fictitious DEFENDANT I, whether singular or plural, the true and correct designation of the person, firm or entity which wrongfully interfered with the business relationship between Plaintiffs and the holder(s) of legal, equitable or beneficial interest as to the mortgage/note instrument.

(The Plaintiffs aver that the identity of the Fictitious Party Defendants is otherwise unknown to the Plaintiffs at this time, or, if their names are known to the Plaintiffs at this time, their identity as proper party defendants is not known to the Plaintiffs at this time, but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained).

## COMPLAINT FOR DAMAGES

Come now William and Debra Posey, Plaintiffs herein, and bring this complaint to recover compensatory and punitive damages against the named and fictitious Defendants.  Plaintiffs further invoke the equity jurisdiction of this Honorable Court, seeking all available equitable relief, as follows:

**Nature of the Case:**

1.   This action arises out of the Defendants' wrongful foreclosure of Plaintiffs' residential property on August 12, 2008, and Defendants' misconduct

thereafter. The foreclosed property, located at 7401 Kings Mountain Court, Birmingham, AL 35242, Jefferson County, Alabama, was Plaintiffs' family home, and was the subject of a first mortgage evidenced by a mortgage/note instrument dated April 16, 2003, having an initial principal balance of $528,000.00 (attached Exhibit "A").

2.      Defendant Bank of America NA, and/or Defendant Washington Mutual Bank (who was then acting as the "loan servicer") and/or Defendant Lender Processing Service, Inc., acting by and through its wholly owned subsidiary Defendant LPS Foreclosure Solutions, Inc. (hereinafter collectively referred to as the LPS Defendants) who was then acting as the "default loan servicer," as to Plaintiffs' debt arising out of the mortgage/note, wrongfully initiated and undertook the foreclosure, and breached material terms of the contract, for the following reasons:

> (i).  Defendants failed to properly apply the payments received from Plaintiffs over the life of the loan;

> (ii).  Defendants breached the terms of the mortgage/note regarding Plaintiffs' right to notice before acceleration, notice of right to cure, and notice of right to reinstate the loan;

> (iii).  The Defendants' acceleration of principal was improper due to failure of condition precedent;

> (iv).  The Defendants' acceleration of principal was otherwise wrongful and/or improvident due to equitable estoppel, waiver, and unclean hands;

> (v).  The Defendants misrepresented material facts (and/or suppressed material qualifying facts) regarding their rights, ownership, interest, powers, and authority as to the mortgage/note contract, the account status and history, and/or obligations under the terms of the contract;

(vi).   The Defendants breached the mortgage contract by exercising the acceleration provision of the mortgage in bad faith and improper motive – including to fabricate a pretext for imposing unreasonable "default related" charges against Plaintiffs' loan account;

(vii).  The Defendants committed fraud by using the "power of sale" provision in bad faith, to unjustly enrich themselves, and facilitate their collection of unreasonable, inflated, and/or fraudulent "default" charges, when the charges were not permitted under the contract, and/or violated the terms of the contract.

3.      Defendants' misconduct in utilizing the "power of sale" provision of Plaintiffs' mortgage for a purpose *other* than to secure the Plaintiffs' debt was inequitable and oppressive.   By using the "power of sale" to facilitate the collection of unreasonable, inflated and/or fraudulent "default related" charges, Defendants' engaged in fraud, for that their purpose was foreign to the legitimate purpose for which the "power of sale" was intended.   Plaintiffs therefore seek each equitable remedy available to them, including that this Honorable Court exercise its jurisdiction in equity to set the wrongful foreclosure aside, and pray that the Court grant all further relief in equity to which he may be entitled.

4.      Defendants' contractual breaches and fraudulent misconduct have proximately caused Plaintiffs to suffer financial hardship, monetary loss, inconvenience, emotional distress, diminution and damage to his property interest and rights, loss of their home place, and a wrongful intrusion into their privacy, financial affairs, and personal solicitude.   Plaintiffs therefore seek compensatory damages against Defendants, in such amounts as may be determined proper by a jury, to remedy and redress these injuries.

5.    Plaintiffs aver that Defendants' contractual breaches and fraudulent misconduct were intentional, willful, malicious, and/or reckless, and were part of fraudulent scheme of wrongful conduct calculated to unjustly enrich Defendants. Plaintiffs further aver that Defendants' contractual breaches and misconduct were part of a pattern and practice of fraud and misconduct directed to Plaintiffs and other similarly situated homeowners and Alabama residents.   Plaintiffs therefore seek punitive damages in such amounts as may be determined proper by a jury, to punish the Defendants and serve as a deterrent to these Defendants and others from engaging in similar future misconduct.

6.    Defendant's scheme was undertaken and carried out in bad faith, with the evil, malicious intent of fraudulently and unjustly enriching themselves at the expense of the Plaintiffs.  The use of the mortgage/note instrument "power of sale" provision to conduct the foreclosure was completely lacking in "good faith," and was conducted for a reason other than to "secure the debt owed by the mortgagor."  Instead, the foreclosure was a dishonest ruse to wrongfully exercise control over, and/or convert funds, to which Defendants were not legally entitled.

7.    In the course of implementing their dishonest scheme, Defendants disregarded their fiduciary duty to exercise of the "power of sale" in good faith, by intentionally, recklessly and/or negligently failing to satisfy the material conditions precedent applicable to the use of this power, and conducting the foreclosure for a purpose other than to secure the debt of the mortgage.  Defendants willfully disregarded Plaintiffs' right to receive proper notice(s) under the mortgage/note, abrogated Plaintiffs' contractual right to be allowed a 30 day period to cure,

and/or intentionally, fraudulently, and/or negligently misrepresented existing material facts to the Plaintiffs, and/or suppressed material qualifying facts that they were under a duty to convey to the Plaintiffs.

***Parties, Venue and Jurisdiction:***

8.      Plaintiffs William C. Posey and Debra Posey are over the age of nineteen (19), and at all times material to this action has been an individual resident citizen of Jefferson County, Alabama.

9.   Defendant Bank of America is a foreign corporation, which regularly and continuously does business in Jefferson County, Alabama by agent.  This Defendant's actions are systematically directed towards the residents of Alabama, and this Court therefore has general personal jurisdiction over the Defendant.  Upon information and belief, this Defendant was the "note holder" in regard to the Plaintiffs' debt obligation arising from the Mortgage/Note instrument.

10.      Defendant Washington Mutual Bank, and/or its heirs, successors assigns are foreign corporations, which regularly and continuously do business in Jefferson County, Alabama by agent.     This Defendant's actions are systematically directed towards the residents of Alabama, and this Court therefore has general personal jurisdiction over the Defendant.  Upon information and belief, this Defendant acted as the "loan servicer," in regard to the Plaintiffs' debt obligation arising from the Mortgage/Note instrument.

11.      Defendant Lender Processing Service, Inc. (hereinafter referred to as "LPS") is a foreign corporation, as is its wholly owned subsidiary, LPS

Foreclosure Solutions, Inc., (sometimes referred to as "LPS Foreclosure") which regularly and continuously do business in Jefferson County, Alabama by agent. These Defendants' actions are systematically directed towards the residents of Alabama, and this Court therefore has general personal jurisdiction over the Defendant.  Upon information and belief, these Defendants acted as the "default loan servicer," in regard to the Plaintiffs' debt obligation arising from the Mortgage/Note instrument.

12.     The real property made the basis of this suit is located in Jefferson County, Alabama.

13.     Because Plaintiffs are Alabama residents and Defendants foreign corporations, venue is proper in the Circuit Court of Jefferson County, Alabama, pursuant to §6-3-7(a)(1) and (3), Ala. Code 1975.

14.     Because the amount in controversy presented by the matters complained of herein exceeds $10,000.00 (ten thousand dollars), the Circuit Court of Jefferson County, Alabama has exclusive and original subject matter jurisdiction over this action, pursuant to Article VI, §142(b), Alabama Constitution (1901), and §12-11-30(a), Ala. Code (1975).

## FACTUAL AVERMENTS APPLICABLE TO ALL COUNTS

*Background:*

15.     On April 16, 2003, Plaintiffs entered into the attached mortgage instrument and installment note (Exhibit "A") as "Borrower" to obtain re-financing of his family home, at 7401 Kings Mountain Court, Jefferson County, Alabama 35242.  The mortgage was filed into the Probate Records of Jefferson County,

Alabama, and according to this instrument, the "Lender" was identified as Castle Mortgage Corporation.

16.    On August 12, 2008 Defendants, and all of them, caused, allowed, participated in, benefited from, or were unjustly enriched by a wrongful foreclosure as to Plaintiffs property which was accomplished by the improper use of the "power of sale" provisions in the mortgage/note instrument which secured the financing for the property.

17.    The foreclosure through the "power of sale" was wrongful in that it was calculated to accomplish the unjust enrichment of the Defendants and/or others, rather than to secure the debt secured by the mortgage instrument, and thus the "power of sale" was utilized for a purpose foreign to that for which it was given.

18.    Prior to and up to the time of the foreclosure Defendants demanded amounts to which they were not entitled under the contract, which were represented as "default related expenses."   These so called "default related expenses" which Defendants sought to impose upon the Plaintiffs and/or upon the Plaintiffs loan account were fraudulent, excessive, inflated, unnecessary, and/or unreasonable, and the imposition of these so called "default related expenses" and use of the "power of sale" provisions in the mortgage note to facilitate the collection of these improper charges in fact breached material terms and conditions of the mortgage/note agreement.

19.    Prior to the foreclosure, Defendants breached material terms and conditions of the mortgage/note agreement by failing to properly provide and/or

issue notices called for and required by the security instrument and note, and/or improperly accelerated the principal balance of the note, and/or repudiated or anticipatorily repudiated the contract by demanding amounts which were greater than the amounts allowed under the contract, and thus hindered and prevented Plaintiffs exercise of their right to cure default prior to acceleration and their right to reinstate prior to foreclosure.

## COUNT I: WRONGFUL FORECLOSURE

20.     Plaintiffs adopt and incorporate all of the factual averments made above, as if set forth fully herein.

21.     Alabama courts have long held that the "power of sale" provision, if included within a mortgage agreement, is "intended for the singular purpose of affording the mortgagee an additional and more speedy remedy for recovery of the debt than would otherwise be available through a judicial foreclosure proceeding."

22.     To exercise the power of sale remedy, the mortgagee (or his transferee, or the owner of the debt secured thereby, or his agent or attorney or personal representative), is empowered to convey the legal title of the lands to a purchaser at foreclosure sale, in the name of the mortgagor and as an agent of mortgagor.

23.     The mortgagee's exercise of a mortgage power of sale provision in the name of the mortgagor is therefore the legal equivalent of, and/or correlates to, the exercise of a "power of attorney" granted for a specific purpose.   A mortgagee (or his transferee, or the owner of the debt secured thereby, or his

agent or attorney or personal representative) exercising the power of sale therefore occupies a position similar to that of a trustee, and owes a duty of good faith and fairness to the mortgagor.

24.     The misuse of a mortgage power of sale provision, to unjustly enrich oneself, and/or otherwise benefit another, is therefore the legal equivalent and/or correlate of dishonestly using a power of attorney granted for a specific purpose, by exercising the power for a purpose inconsistent with, and/or opposed to that for which it was given.

25.     Accordingly, when the mortgagee's power to sell is exercised to accomplish a purpose *other* than to secure the mortgagor's debt, that misuse of the power is held to be a wrongful, fraudulent, and actionable breach of trust under Alabama law.

26.     On August 12, 2008, Defendant Bank of America, and/or Defendant Washington Mutual (while acting as "loan servicer"), and/or the LPS Defendants (while acting as a "default loan servicer"), and/or and those Defendants identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), exercised the power of sale provision of the mortgage/note instrument (attached hereto as Exhibit A), on behalf of the Note Holder and foreclosed on the Plaintiffs' property.

27.     In doing so, Defendants, and all of them, have acted as the note holder or "stepped into the shoes" of the Note Holder, and occupy a position similar to that of a trustee, thereby undertaking a duty of good faith and fairness

to the Plaintiffs, and a legal duty to refrain from foreclosing upon the Plaintiffs' property for a reason other than to secure the debt as evidenced by the Mortgage/Note instrument.  Plaintiffs aver that this legal duty of good faith and fairness extended to, and encompassed each Defendants' agents, attorneys, employees and/or representatives, who acted and/or failed to act in any matter or manner relevant to this exercise of the power of sale provision of the mortgage/note instrument.

28.     Defendants, and all of them, violated the position of trust inherent to the power of sale provision, and breached their legal duty to act in good faith and fairness, by exercising the power of sale provision of the mortgage/note agreement for a purpose other than to secure the debt of the Plaintiffs, to wit: Defendants, and all of them, acted, conspired and/or allowed each other to exercise the power of sale provision to dishonestly benefit themselves and others, and/or otherwise exercise the power of sale provision for purpose other than to secure the debt.

29.     Plaintiffs aver that these Defendants, and all of them, are guilty of willful, intentional, and malicious fraud in exercising the power of sale in a manner foreign and inconsistent with the limited purpose of that power of sale, and that they acted dishonestly to exercise the power of sale, for the purpose of wrongfully, fraudulently, and corruptly charging and collecting so called "default related expenses" which were fraudulent, excessive, inflated, unnecessary, and/or unreasonable, when the imposition of these so called "default related expenses" and use of the "power of sale" provisions in the mortgage note to

facilitate the collection of these improper charges breached material terms and conditions of the mortgage/note agreement.

30.    Plaintiffs aver that these Defendants, and all of them, have intentionally, dishonestly and wantonly violated their position of trust by breaching and/or disregarding their legal duty of good faith and fairness owed to the Plaintiffs.

31.    As a proximate result of Defendants misconduct, Plaintiffs have been injured and damaged as follows:  Plaintiffs have sustained the loss of right, title and ownership interest in the real property made the basis of this suit; Plaintiffs have suffered a slander of title to the real property made the basis of this suit; Plaintiffs have suffered financial loss, and has been deprived of economic opportunity; Plaintiffs have been caused anxiety, distress and uncertainty concerning their private financial affairs and living arrangements; Plaintiffs have been caused to suffer embarrassment, humiliation, aggravation, disappointment, and regret over the loss of their family home, and the social and financial stigma and ignominy associated with losing their family home to foreclosure; Plaintiffs' reputation and standing in their community has been injured and damaged, and permanently injured and damaged; and Plaintiffs have been otherwise injured and damaged.

32.    The actions of the Defendants combined and concurred to injure the Plaintiffs, and the Defendants are liable for the acts and omissions of their agents, employees, representatives, and representatives of the co-defendants and conspirators, including those Defendants identified as Fictitious Defendants

A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), via principal-agent liability, contract, *respondeat superior*, vicarious liability, authorization, ratification, unjust enrichment, joint venture, partnership, and/or equitable common law principles arising by their acceptance of a portion (and/or percentage) of the profit or benefit realized by the wrongful acts of the other Defendants.

33.    The acts of the Defendants, and all of them, were intentional, willful, gross and malicious, and were undertaken with the intention of injuring and damaging the Plaintiffs by depriving Plaintiffs of their property rights and interests, or were taken with reckless disregard as to Plaintiffs' rights and interest.

34.    The actions of the Defendants, including those Defendants identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), were part of a pattern and practice of fraud and intentional misconduct engaged in by one or more of these Defendants to unjustly enrich themselves and benefit themselves, by fraudulently using the power of sale provision included in the Mortgage agreement of Plaintiffs and others, for a purpose inconsistent with, and/or opposed to that for which it was given. Defendants, and all of them, routinely, habitually, and consistently engage in a pattern of misconduct which breaches and disregards their legal duty of fairness and good faith owed to similarly situated individuals, including the

Plaintiffs, by using the power of sale provision of mortgage instruments for the corrupt purpose of unjustly enriching themselves and benefiting themselves or their coconspirators, by wrongfully foreclosing and/or wrongfully threatening to foreclose on mortgagors for purposes which are inconsistent with that for which the power of sale provision is granted

35.    Defendants, including those identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), have and are engaging in a pattern and practice of misconduct by intentionally, dishonestly and wantonly violating the position of trust inherent to the exercise of a power of sale provision in mortgage contracts, through the exercise of this power for a corrupt and dishonest purpose, and/or for purposes other than securing the debt of the mortgagor.

WHEREFORE, Plaintiffs demand compensatory and punitive damages against all of the named and fictitious Defendants, separately and severally, in amounts as to be determined by a struck jury, including interest and costs associated with bringing the action.

## COUNT II:  WRONGFUL FORECLOSURE – FAILURE TO PROVIDE NOTICES FULLY CONFORMING TO THE PROVISIONS OF THE MORTGAGE/NOTE

36.    Plaintiffs adopt and incorporate all of the factual averments made above, as if set forth fully herein.

37.    The foreclosure of Plaintiffs' property was wrongful, fraudulent, unlawful, and actionable as the result of Defendants failure to provide such notice(s) which fully conformed to, and complied with, the material pre-requisites

and material conditions precedent to the exercise of the power of sale provisions under the Mortgage/Note instrument.

38.     The named Defendants and Fictitious Defendants, and all of them, while acting through their agents, employees, officers, attorneys, and/or representatives (who were acting within the line and scope of their employment) wrongfully foreclosed on Plaintiffs' property, inasmuch as that they failed to act within the contractual right and authority granted to the mortgagee (on whose behalf they purportedly undertook to exercise the power of sale), as follows:

A.     For that Defendants, and all of them, failed to provide proper and/or adequate notices, as required by the Mortgage/Note instrument, to facilitate its wrongful foreclosure of the Plaintiffs' property, and did so in bad faith for the illicit purpose of unjustly enriching themselves;

B.     For that Defendants, and all of them, failed to satisfy each necessary condition precedent, prior to exercising the power of sale provision;

C.     For that Defendants, and all of them, failed to provide Plaintiffs with proper notice of his contractual opportunity to cure any alleged default;

D.     For that Defendants, and all of them, provided inadequate or improper notices that failed to conform to the material provisions and comply with the material requirements for such notices as provided by the Mortgage/Note instrument;

E.     For that Defendants, and all of them, disregarded the material provisions of the Mortgage/Note instrument concerning provisions governing the times and content of said notices, for the purpose of expediting their wrongful foreclosure, in order to place fraudulent, inflated and unnecessary charges against the Plaintiffs' loan account;

F.     For that the notice(s) provided by the Defendants included and/or otherwise demanded the satisfaction of fraudulent, inflated and/or unnecessary charges posed against Plaintiffs' loan

account, as a pre-condition to refraining from proceeding from the foreclosure, in breach of the Mortgage/Note instrument;

G.     For that Defendants, and all of them, failed to satisfy failed to satisfy material conditions precedent which they were required to fulfill under the Mortgage/Note instrument prior to acceleration of the debt evidenced by the Mortgage/Note instrument;

H.     For that Defendants, and all of them, failed to satisfy material conditions precedent which they were required to fulfill under the Mortgage/Note instrument, after their improper and purported acceleration of the debt, prior to foreclosing on the property;

I.     For that Defendants, and all of them, failed to provide notice prior to acceleration which complied with all of the material conditions for such notices in breach of the terms and conditions of the Mortgage/Note instrument; and,

J.     For that Defendants, and all of them, failed to provide notice prior to foreclosure which complied with all of the material conditions for such notices in breach of the terms and conditions of the Mortgage/Note instrument.

39.     Having failed to provide such notice(s) which fully conformed to, and complied with, the material pre-requisites and material conditions precedent to the exercise of the power of sale provisions under the Mortgage/Note instrument, Defendants lacked contractual authority to proceed with the foreclosure sale on August 12, 2008, and all of their actions in exercising the power were therefore wrongful and fraudulent.

40.     As a proximate result of Defendants misconduct, Plaintiffs have been injured and damaged as follows:  Plaintiffs have sustained the loss of right, title and ownership interest in the real property made the basis of this suit; Plaintiffs have suffered a slander of title to the real property made the basis of this suit; Plaintiffs have suffered financial loss, and has been deprived of

economic opportunity; Plaintiffs have been caused anxiety, distress and uncertainty concerning their private financial affairs and living arrangements; Plaintiffs have been caused to suffer embarrassment, humiliation, aggravation, disappointment, and regret over the loss of their family home, and the social and financial stigma and ignominy associated with losing their family home to foreclosure; Plaintiffs' reputation and standing in their community has been injured and damaged, and permanently injured and damaged; and Plaintiffs have been otherwise injured and damaged.

41.     The actions of the Defendants combined and concurred to injure the Plaintiffs, and the Defendants are liable for the acts and omissions of their agents, employees, representatives, and representatives of the co-defendants and conspirators, including those Defendants identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), via principal-agent liability, contract, *respondeat superior*, vicarious liability, authorization, ratification, unjust enrichment, joint venture, partnership, and/or equitable common law principles arising by their acceptance of a portion (and/or percentage) of the profit or benefit realized by the wrongful acts of the other Defendants.

42.     The acts of the Defendants, and all of them, were intentional, willful, malicious, grossly negligent and/or negligent, and were undertaken with the intention of injuring and damaging the Plaintiffs by depriving Plaintiffs of their property rights and interests, or were taken with reckless disregard as to

Plaintiffs' rights and interest, or were taken negligently in breach of their duty to act using reasonable care, and/or breaching the standard duty of care utilized by similarly situated individuals in commercial settings.

43.    The actions of the Defendants, including those Defendants identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), were part of a pattern and practice of fraudulent misconduct, and/or conduct which is intentional, willful, malicious, grossly negligent and/or negligent engaged in by one or more of these Defendants to unjustly enrich themselves and benefit themselves, by failing to provide notices which fully comply with all material prerequisites and material conditions precedent under the Mortgage/Note instrument, prior to exercising the power of sale provision.    Defendants, and all of them, routinely, habitually, and consistently engage in a pattern of misconduct in which Defendants unjustly enrich and benefit themselves, by failing to provide notices which fully comply with all material prerequisites and material conditions precedent under the Mortgage/Note instrument, prior to exercising the power of sale provision.

44.    Defendants, including those identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), are presently, and have in the past, engaged in a pattern and practice of misconduct by intentional, willful, malicious, grossly negligent and/or negligent engaged in by one or more of these Defendants to unjustly enrich themselves and benefit themselves, by failing to

provide notices which fully comply with all material prerequisites and material conditions precedent under the Mortgage/Note instrument, prior to exercising the power of sale provision.

**WHEREFORE,** Plaintiffs demand compensatory and punitive damages against all of the named and fictitious Defendants, separately and severally, in amounts as to be determined by a struck jury, including interest and costs associated with bringing the action.

<u>**COUNT III: CONVERSION**</u>

45.    Plaintiffs adopt and incorporate all of the factual averments made above, as if set forth fully herein.

46.    By and through their wrongful foreclosure, Defendants, and all of them, including those Defendants identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), converted property belonging to the Plaintiffs, and wrongfully exercised dominion and control, actually or constructively, when these Defendants had actual and/or constructive notice of Plaintiffs' rights and interest in the real and personal property.

47.    Defendants, and all of them, including those identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), exerted wrongful control and dominion over Plaintiffs property, to Plaintiffs exclusion, to unjustly enrich themselves, knowing of the likely harm and damage their wrongful actions would have over the well being of the Plaintiffs and Plaintiffs' family.  In

this regard, Defendants conversion and wrongful exercise of dominion over Plaintiffs property was accompanied by circumstances indicating malice, gross disregard and insult.

48.   As a proximate result of Defendants misconduct, Plaintiffs have been injured and damaged as follows:  Plaintiffs have sustained the loss of right, title and ownership interest in the real property made the basis of this suit; Plaintiffs have suffered a slander of title to the real property made the basis of this suit; Plaintiffs have suffered financial loss, and has been deprived of economic opportunity; Plaintiffs have been caused anxiety, distress and uncertainty concerning their private financial affairs and living arrangements; Plaintiffs have been caused to suffer embarrassment, humiliation, aggravation, disappointment, and regret over the loss of their family home, and the social and financial stigma and ignominy associated with losing their family home to foreclosure; Plaintiffs' reputation and standing in their community has been injured and damaged, and permanently injured and damaged; and Plaintiffs have been otherwise injured and damaged.

49.   The actions of the Defendants combined and concurred to injure the Plaintiffs, and the Defendants are liable for the acts and omissions of their agents, employees, representatives, and representatives of the co-defendants and conspirators, including those Defendants identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), via principal-agent liability,   contract,   *respondeat   superior*,   vicarious   liability,   authorization,

ratification, unjust enrichment, joint venture, partnership, and/or equitable common law principles arising by their acceptance of a portion (and/or percentage) of the profit or benefit realized by the wrongful acts of the other Defendants.

50.   The acts of the Defendants, and all of them, were intentional, willful, malicious, grossly negligent and/or negligent, and were undertaken with the intention of injuring and damaging the Plaintiffs by depriving Plaintiffs of their property rights and interests, or were taken with reckless disregard as to Plaintiffs' rights and interest, or were taken negligently in breach of their duty to act using reasonable care, and/or breaching the standard duty of care utilized by similarly situated individuals in commercial settings.

51.   The actions of the Defendants, including those Defendants identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), were part of a pattern and practice of fraudulent misconduct, and/or conduct which is intentional, willful, malicious, grossly negligent and/or negligent engaged in by one or more of these Defendants to unjustly enrich themselves and benefit themselves, by failing to provide notices which fully comply with all material prerequisites and material conditions precedent under the Mortgage/Note instrument, prior to exercising the power of sale provision.   Defendants, and all of them, routinely, habitually, and consistently engage in a pattern of misconduct in which Defendants unjustly enrich and benefit themselves, by failing to provide notices which fully comply

with all material prerequisites and material conditions precedent under the Mortgage/Note instrument, prior to exercising the power of sale provision.

52.    Defendants, including those identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), are presently, and have in the past, engaged in a pattern and practice of misconduct by intentional, willful, malicious, grossly negligent and/or negligent engaged in by one or more of these Defendants to unjustly enrich themselves and benefit themselves, by failing to provide notices which fully comply with all material prerequisites and material conditions precedent under the Mortgage/Note instrument, prior to exercising the power of sale provision.

WHEREFORE, Plaintiffs demand compensatory and punitive damages against all of the named and fictitious Defendants, separately and severally, in amounts as to be determined by a struck jury, including interest and costs associated with bringing the action.

## COUNT IV: FRAUD/SUPPRESSION

53.    Plaintiffs adopt and incorporate all of the factual averments made above, as if set forth fully herein.

54.    Defendants, and all of them, including those Defendants identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), while acting through their agents, employees, officers, attorneys, and/or representatives (who were acting within the line and scope of their

employment) made fraudulent misrepresentations of existing material fact, either affirmatively or by inference, and suppressed material qualifying facts, as set forth above, and as follows:

A)     For that Defendants, and all of them, had actual and/or constructive knowledge, and/or notice, that their acceleration of the principle balance was wrongful and not accompanied by required notice, and made fraudulent misrepresentation of this existing material fact, either affirmatively or by inference, and/or suppressed material qualifying fact which it was under a duty to reveal, in its communications with the note holder, knowing that these misrepresentations and suppressions would be relied upon by the Plaintiffs to their detriment;

B)     For that Defendants, and all of them, had actual and/or constructive knowledge, and/or notice, that Defendants had demanded "default related expenses" which were fraudulent, improper, inflated, unreasonable, and not permissible pursuant to the terms of the contract, and made fraudulent misrepresentation of this existing material fact, either affirmatively or by inference, and/or suppressed material qualifying fact which it was under a duty to reveal, knowing that these misrepresentations and suppressions would be relied upon by the Plaintiffs to their detriment;

C)     For that Defendants, and all of them, had actual and/or constructive knowledge, and/or notice, that Defendants had demanded amounts in excess in the true amount due and owing under the contract, for the reason that Defendants failed to properly apply all the payments tendered over the life of the loan in a fashion which would render a proper accounting in the amounts due at the time of the foreclosure, and made fraudulent misrepresentation of this existing material fact, either affirmatively or by inference, and/or suppressed material qualifying fact which it was under a duty to reveal, knowing that these misrepresentations and suppressions would be relied upon by the Plaintiffs to their detriment;

D)     For that Defendants, and all of them, had actual and/or constructive knowledge, and/or notice, that Defendants had acted in a manner which hundred or prevented Plaintiffs performance by misrepresenting the true

amount due and owing under the contract, for the reason that Defendants improperly added impermissible fees and expenses which were fraudulent and inflated, and failed to properly apply all the payments tendered over the life of the loan in a fashion which would render a proper accounting in the amounts due at the time of the foreclosure, and made fraudulent misrepresentation of this existing material fact, either affirmatively or by inference, and/or suppressed material qualifying fact which it was under a duty to reveal, knowing that these misrepresentations and suppressions would be relied upon by the Plaintiffs to their detriment.

55.    Defendants, and all of them, including those identified as Fictitious Defendants A through I, further committed fraud against the Plaintiffs on August 12, 2008, at such time as these Defendants exercised the power of sale provision of the Mortgage/Note instrument in a manner foreign to the purpose for which it was granted, thereby breaching their position of trust and duty of good faith and fair dealing owed to the Plaintiffs.

56.    Defendants, and all of them, including those identified as Fictitious Defendants A through I, made these misrepresentations and suppressed material facts willfully, intentionally, recklessly or negligently, with the intention of causing and inducing Plaintiffs' reliance.

57.    Plaintiffs did rely upon Defendants' misrepresentations and suppressions of material qualifying fact, the reliance was reasonable, and as a proximate result of Plaintiffs' reliance, they were injured and damaged as set forth more fully above.  The material existing facts misrepresented to Plaintiffs, and the material qualifying facts which were suppressed from the Plaintiffs, were not within Plaintiffs' knowledge, nor could they have reasonably discovered the false nature of the misrepresentations, or the true nature of the suppressed

material facts hidden from them.   The Plaintiffs made reasonable inquiry to Defendants to discover the true nature of the facts misrepresented and/or suppressed from him, but were lulled into a false sense of security by Defendants' failure to respond truthfully to their inquiries, and/or by Defendants continuing failure to disclose the material qualifying facts.

58.   Plaintiffs were injured and damaged by their reliance on Defendants' misrepresentations and suppressions on or about August 12, 2008, and thereafter.   To the extent Defendants contend that the statute of limitations apply as to any injury or damage resulting from the misrepresentations and suppressions made prior to that date, any statute of limitations which might otherwise apply is tolled for the reason that Plaintiffs could not have discovered the misrepresentations and suppressions, and/or Plaintiffs made reasonable inquiries regarding the same which Defendants responded to by concealing and suppressing the true facts, and lulling the Plaintiffs into a false sense of security.

59.   Defendants were under a duty to communicate the material qualifying facts and relevant information which they suppressed from the Plaintiffs, because of the value of the particular facts involved, the relative knowledge of the parties, the inequality of the condition of the parties, the relative bargaining position of the parties and because Defendants had particular knowledge, by means not shared by the Plaintiffs.

60.   Defendants' misrepresentations and suppressions were knowingly, intentionally, wantonly and maliciously made by Defendants, or by and through their servicing agents and/or default servicing agents, employees,

representatives or appointees acting within the line and scope of their employment with Defendants.  Defendants had actual knowledge and/or constructive knowledge of the false nature of the misrepresentations, and had actual knowledge of the suppressed information, made by their servicing agents and/or default servicing agents, employees, representatives or appointees, and were under a duty to convey correct information to the Plaintiffs, but breached this duty and misrepresented and/or suppressed the above information by failing to timely or properly communicate the same to the Plaintiffs.

61.    Defendants are liable to the Plaintiffs for fraud and legal fraud, in that they acted with reckless disregard for the truth-of-the-matter.

62.    Defendants knew or should have known of the fraudulent misconduct, misrepresentations and suppression of material fact by any other named or fictitious Defendants, and authorized and/or ratified the misconduct.

63.    The wrongful acts were taken by Defendants through their agents and employees, or through the other named or fictitious Defendants, in the line and scope of their appointment, authority and duties on behalf of Defendants, who directly benefited from the misconduct.

64.    The misrepresentations, deceit and concealment of Defendants were part of a pattern and practice of wrongful conduct taken on behalf of Defendants for the purpose of unjustly enriching all Defendants through monetary gain, by making similar fraudulent misrepresentations to persons similarly situated.

65.   The agents, servicing agents, default servicing agents, representatives, agents, and employees of Defendants, both and named and fictitious, were acting within the line and scope of their employment or agency, and Defendants knew or should have known of the unfitness of its individual employees or agents, and failed to correct or properly supervise these individual employees or agents, because it monetarily benefited Defendants, through unjust enrichment, to allow its agents, servicing agents, default servicing agents, representatives, appointees and employees to engage in dishonest acts.

66.   Defendants' misrepresentations, deceit and concealment were intentional, gross, oppressive and malicious, and were committed with the intention on the Defendants' part of depriving Plaintiffs of property, money and legal rights.

67.   The actions of the Defendants combined and concurred to injure the Plaintiffs, and the Defendants are liable for the acts and omissions of their agents, employees, representatives, and representatives of the co-defendants and conspirators, including those Defendants identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), via principal-agent liability, contract, *respondeat superior*, vicarious liability, authorization, ratification, unjust enrichment, joint venture, partnership, and/or equitable common law principles arising by their acceptance of a portion (and/or percentage) of the profit or benefit realized by the wrongful acts of the other Defendants.

**WHEREFORE,** Plaintiffs demand compensatory and punitive damages against all of the named and fictitious Defendants, separately and severally, in amounts as to be determined by a struck jury, including interest and costs associated with bringing the action.

## COUNT V: CIVIL CONSPIRACY

68.     Plaintiffs adopt and reallege each material fact and allegation set forth above as if fully set forth herein.

69.     Defendants, and all of them, including those identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at this time and will be added by amendment when accurately ascertained), engaged in a civil conspiracy and scheme to wrongfully foreclose on Plaintiffs' property, illegally cause Plaintiffs' loan account to incur charges which were excessive, improper, illegal or fraudulent, engage in conversion, embezzlement and/or theft of Plaintiffs' property and ownership interest in their real and personal property, and employed dishonest and/or improperly trained or supervised individuals and companies as their agents, servicing agents, default servicing agents, representatives, appointees and/or employees, and defraud and cheat the Plaintiffs by misrepresenting material facts and suppressing material qualifying facts they were under a duty to reveal, and fraudulently and intentionally breaching the position of trust and duty of fairness and good faith owed by the Defendants as they exercised and/or caused the exercise of the power of sale provision in the Mortgage/Note instrument.

70.     Defendants, and all of them, including those identified as Fictitious Defendants A through I, (whose true identities are unknown to the Plaintiffs at

this time and will be added by amendment when accurately ascertained), engaged in a civil conspiracy and scheme to conceal and suppress the wrongful and/or illegal charges made to the Plaintiffs' loan account, by suppressing the true nature of the charges made, and by concealing the true nature of the charges, by providing misleading information, suppressing the true facts, and continuing to make fraudulent misrepresentations which were calculated to cause the Plaintiffs' detrimental reliance.

71.    As a result of the civil conspiracy to engage in the above described misconduct against Plaintiffs, Plaintiffs were injured and damaged as set forth more fully above.

**WHEREFORE,** Plaintiffs demand compensatory and punitive damages against all of the named and fictitious Defendants, separately and severally, in amounts as to be determined by a struck jury, including interest and costs associated with bringing the action.

Respectfully Submitted,

On behalf of the Plaintiffs:
James R. Morgan, P.C.
1605 Twenty-First Street South
Birmingham, Alabama 35205
Telephone:  (205) 918-0808
Facsimile:  (205) 918-0807

_____*s/James R. Morgan*_____
James R. Morgan (MOR056)

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY AS TO ALL CAUSES AND ACTIONS SO SUSCEPTIBLE TO TRIAL BY JURY.**

_____*s/James R. Morgan*_____
James R. Morgan

**Please Serve Defendant by U.S. Certified Mail, as Follows:**

Bank of American NA
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Washington Mutual Bank
P.O. Box 100590
Florence, SC 29501-0590

Lender Processing Service, Inc.
c/o Sheryl Newman, Sr. Vice President
601 Riverside Avenue
Jacksonville, FL 32204

LPS Foreclosure Solutions, Inc.
c/o Larry Dingmann, Sr. Vice President
1270 Northland Drive, Suite 200
Mendota Heights, MN 55120